(30 App. Div. 485.)

SCANDINAVIAN–AMERICAN BANK v. LENTZY et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

SECURITY FOR COSTS.

A defendant does not forfeit his right to security for costs, on the ground of laches, by merely procuring extensions of his time to answer, pending negotiations by the plaintiff for a withdrawal of the complaint.

Appeal from special term.

Action by the Scandinavian-American Bank against James T. Lentzy and another. From an order vacating an order requiring plaintiff to file security for costs, defendants appeal. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and IN-GRAHAM, JJ.

David Calman, for appellants.
John Hill Morgan, for respondent.

BARRETT, J. The defendant was clearly entitled to security for costs. The complaint alleges that the plaintiff is a foreign corporation. The defendant moved before answer, and his practice was entirely regular. The ground upon which his order was vacated was that he had failed to show a sufficient cause for his delay in moving. He had, it seems, obtained extensions of time to answer covering a period of some seven months. It appears, however, without contradiction, that almost as soon as the complaint was served the plaintiff desired to withdraw it. The defendant refused to consent to such withdrawal unless a release were given him. This was in June, 1897, and he was unable during the ensuing vacation to obtain from the plaintiff a definite answer upon the subject. The attorney who was in charge of the plaintiff's case was absent or out of town, and for one reason or another a reply as to the release could not be obtained. Laches cannot be predicated of a delay thus caused by negotiations for a discontinuance. When the defendant found that he must answer, he promptly moved for security. His right thereto was absolute, and he has clearly not forfeited that right by obtaining time to answer while negotiations for a withdrawal of the complaint were pending.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. All concur.